HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMY HAMILTON HERRARTE GARCIA,

Petitioner,

v.

GLERCY ROSARIO DUARTE REYNOSA,

Respondent.

CASE NO. C19-01928-RAJ

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

## I. INTRODUCTION

This matter comes before the Court on Petitioner's motion for a temporary restraining order. Dkt. # 6. On January 22, 2020, the Court held an initial hearing on the underlying Petition for the Return of Child (Dkt. #1) brought pursuant to the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001-9011, which implements the 1980 Hague Convention on the Civil Aspects of International Child Abduction (the

ORDER - 1

"Convention") and Petitioner's motion for a temporary restraining order (Dkt. # 6). Petitioner's counsel, Respondent's counsel and Respondent were present at this hearing.

For the following reasons, Petitioner's motion is **GRANTED in part and DENIED in part**. Dkt. # 6. Petitioner's motion to seal is **DENIED** without prejudice. Dkt. # 5.

## II. BACKGROUND

Petitioner, Samy Hamilton Herrarte Garcia, is the father of S.C.H.D. and J.A.H.D., two minor children. Respondent, Glercy Rosario Duarte Reynosa, is the children's mother. Dkt. # 1. Petitioner resides in Guatemala and contends that Respondent wrongfully removed the children from Guatemala and is currently residing with them in this District. *Id.* Petitioner brings this petition for his children's return to Guatemala pursuant to the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001-9011, which implements the 1980 Hague Convention on the Civil Aspects of International Child Abduction (the "Convention").

On November 27, 2019, Petitioner also filed an ex parte motion for a temporary restraining order: (1) enforcing video chat access to his children, (2) requiring information regarding his children's daycare provider and/or school, (3) transferring the children to the physical custody of Petitioner, and (4) requiring that respondent post a bond in an amount of $15,000. Dkt. # 6.

## III. DISCUSSION

### A. Temporary Restraining Order

Temporary restraining orders ("TRO") are governed by the same standard applicable to preliminary injunctions. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc*. 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical"). A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 22 (2008).

To obtain a TRO, Petitioner must show that he is: (1) likely to succeed on the merits, (2) likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

### i. Removal of Children from Western District of Washington

Petitioner requests an order prohibiting removal of the children from the Western District of Washington. Dkt. # 6 at 1. Respondent does not object to this request. The Court has already issued an order prohibiting the removal of the children from the Western District of Washington. Dkt. # 19. This order will remain in effect pending resolution of the petition.

### ii. Daily Video Chat Visitation

Petitioner next requests an order allowing him daily video chat visitation with his children for a period of no less than five minutes and up to 10 minutes. Dkt. # 6 at 1. Respondent does not object to this request. Accordingly, Respondent is ordered to make the children available for video chat visitation with Petitioner for at least five minutes and up to 10 minutes each day.

### iii. Access to Children's School/Daycare and Medical Records

Petitioner also requests an order confirming his right of access to the children's educational and health care records. Dkt. # 6 at 1. Respondent does not object to this request. Accordingly, the Court finds that Petitioner is entitled to access the educational and health care records of the children. In addition, Respondent is required to provide Petitioner with the name, address, and telephone number of any school or daycare facility that the children attend.

### iv. Transfer of Physical Custody to Petitioner

Next, Petitioner requests an order mandating that in the event he is able to travel to the United States, physical custody of the children will be automatically transferred to him. Dkt. # 6 at 1. Here, the Court finds that the balance of factors weighs against

granting physical custody to Petitioner at this time. Although the parties appear to concede that Petitioner is the children's biological father, there are still material questions of fact regarding Respondent's very serious allegations of physical abuse. As a result, the Court cannot conclude that Petitioner is likely to succeed on the merits of his case. In addition, the likelihood of irreparable harm and balance of equities weighs against granting the motion. A trial on the merits of the petition is currently set for February 10, 2020, less than three weeks from now. Respondent has been ordered not to remove the children from the Western District of Washington and will be subject to severe sanctions if this order is violated. Dkt. # 19. Thus far, it appears that Respondent has complied with this order and the Court finds no basis for concluding she will not continue to do so pending trial. Petitioner's motion is DENIED.

          v.    Bond

Finally, Petitioner argues a $15,000 bond is required to ensure the children are "not spirited away from jurisdiction of the court" pending resolution of this matter. Dkt. # 25 at 7. The Ninth Circuit has held that district courts have discretion regarding whether or not to require a bond as a condition of a temporary restraining order. *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). The Court will not require payment of a bond in this case. The court has already issued an order prohibiting removal of the children. Should either party violate this order the Court will consider a proper motion for contempt, including a proper request that the offending party be arrested by the United States Marshal. *See* 22 U.S.C. § 9004(a).

### B. Case Schedule and Presentation of Evidence

The parties have requested an expedited resolution of this matter and the Court GRANTS this request. Accordingly, as agreed to by the parties and the Court, the parties will abide by the following expedited case schedule.

- A bench trial in this matter is set for February 10, 2020 at 9:00 a.m. in the courtroom of the undersigned judge.

ORDER - 4

- Responses to requests for admission and discovery responses are due January 29, 2020.
- Witness lists and trial exhibits are due January 29, 2020.
- Given the expedited nature of this proceeding, any motions *in limine* will also be subject to an expedited briefing schedule. Initial motions *in limine* must be filed by January 29, 2020 and noted for February 7, 2020. Opposition briefs must be filed by February 5, 2020.
- Trial briefs are due February 5, 2020.

As noted previously, it is the responsibility of the parties to arrange for the presence of an interpreter at the trial. If, for some reason, the parties are unable to accommodate any of these deadlines they must notify the Court immediately.[1]

### C. **Preliminary Factual Findings**

Petitioner requests that the Court make initial factual determinations regarding the merits of Petitioner's prima facie case of wrongful removal. As an initial matter, the Court notes that the appropriate procedure for requesting partial judgment as a matter of law is to file a motion for partial summary judgment. However, given the expedited nature of these proceedings and the parties' apparent agreement on several of these issues, the Court will permit the following: The parties are ordered to meet and confer and prepare a joint stipulation, describing those facts and issues that are not at dispute in this case. The joint stipulation must be filed by January 29, 2020. Any other issues upon which the parties cannot agree will be reserved for trial.

### D. **Motion to Seal**

Petitioner moves the Court to seal several exhibits filed ex parte, in support of his motion for a temporary restraining order. Dkt. # 5. "There is a strong presumption of

---

[1] The parties in this action have previously had difficulties abiding by the instructions and deadlines issued by this Court. This will not be tolerated. Further violations may result in pleadings being stricken or other sanctions.

ORDER - 5

public access to the court's files." Western District of Washington Local Civil Rule ("LCR") 5(g). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption with compelling reasons. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Here, Petitioner moves to seal the entirety of Petitioner's initial declaration (Dkt. # 5-1) and Exhibits 4-6 (Dkt. # 5-2) of Petitioner's motion for a temporary restraining order. *See* Dkt. # 5. Having reviewed the filings, the court is not convinced that the exhibits should remain sealed. First, it appears that the parties have not satisfied the meet and confer requirement under LCR 5, because the motion was filed ex parte. In addition, Petitioner has failed to establish why redaction is not a reasonable alternative. *See* LCR 5(g). Accordingly, Petitioner's motion to seal is DENIED. Dkt. # 5.

Nonetheless, the court will allow the filings to remain sealed temporarily to allow the parties to meet and confer about what, if any, portions of the exhibits should remain sealed. If any party determines that any portion of the exhibits should remain sealed, that party must file a motion to seal along with a proposed redacted version of the filing for the public record within 5 days of the date of this order. Any motion to seal must comply with the Federal Rules of Civil Procedure, the court's local rules, and *Kamakana*.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion for a temporary restraining order is **GRANTED in part and DENIED in part.** Dkt. # 6. Petitioner's motion to seal is **DENIED** without prejudice. Dkt. # 5.

Dated this 22nd day of January, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER - 6